FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 1 7 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) | |
| **Plaintiff,** ) | Civil Action No. **1 09-cv-2228** |
| **v.** ) ) | |
| **SPENCER REED GROUP, LLC,** ) ) | **JURY TRIAL** **DEMANDED** |
| **Defendant.** ) ) | |

CAP

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1967 ("ADEA") to correct unlawful employment practices on the basis of race, age, and retaliation, and to provide appropriate relief to Diane Coleman who was adversely affected by such practices. The Plaintiff alleges that Diane Coleman was subjected to disparate treatment due to her race, Caucasian, and her age, 55 years old, and was terminated from her employment in retaliation for engaging in protected activity by reporting and/or opposing unlawful disparate treatment, in violation of Title VII and the ADEA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) ("ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended.

4.      At all relevant times, Defendant, Spencer Reed Group, LLC

2

("Employer") has continuously been doing business in the State of Georgia and the city of Lawrenceville and has continuously had at least 20 employees.

5.     At all relevant times, Defendant, Spencer Reed Group, LLC, has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h) and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than 30 days prior to the institution of this lawsuit, Diane Coleman filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Prior to the institution of this lawsuit, the Commission attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII and the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b), and Section 706 of Title VII, 42 U.S.C. § 2000e-5(b).

8.     Since at least August 30, 2006, Defendant Employer has engaged in unlawful employment practices at its Lawrenceville, Georgia facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and Section 623(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), by subjecting Coleman to disparate treatment due to

her race, Caucasian, and her age, 55 years old.

9.      On or about February 27, 2007, Defendant Employer engaged in unlawful employment practices at its Lawrenceville, Georgia facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) and Section 623(d) of the ADEA, 29 U.S.C. § 623(d), by terminating Coleman in retaliation for engaging in protected activity by reporting and/or opposing the disparate treatment.

10.     Since at least August 30, 2006, Coleman was a qualified employee who was subjected to disparate terms and conditions of employment because of her race, Caucasian, and age, 55, in comparison to similarly situated employees not in her protected group who were treated more favorably.

11.     On February 26, 2007, Coleman engaged in protected activity under Title VII and the ADEA by complaining of race and age discrimination.  On February 27, 2007, Coleman was terminated in retaliation for engaging in protected activity and/or because of her race and/or age in violation of Title VII and the ADEA.

12.     The effects of the practices complained of above have been to deprive Coleman of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, age and/or engagement in protected activity.

13.     The unlawful employment practices complained of above were

4

intentional and were carried out with malice and/or reckless indifference to the federally protected rights of Coleman.

14. The unlawful employment practices complained of in paragraphs 8 through 11, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from subjecting employees to disparate treatment on the basis of race or age, and/or subjecting employees to retaliation for engaging in protected activity, and any other employment practice which discriminates on the basis of race, age, and/or engagement in protected activity.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, regardless of race or age, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Coleman, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay, liquidated damages, and prejudgment interest, in amounts to

be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant Employer to make whole Coleman, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 through 11, above, including job search expenses, in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Coleman, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 through 11, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.     Order Defendant Employer to pay to Coleman punitive damages for Defendant's malicious and/or reckless conduct described in paragraphs 8 through 11, above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

[Jury Demand and Signature Page follows]

# JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206

Suzanne Schmitt
Georgia Bar No. 076142

8/17/2009
Date

U.S. Equal Employment Opportunity
Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6842
Facsimile:   (404) 562-6905
Suzanne.schmitt@eeoc.gov